IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IKE EURE, | : | |
|     Petitioner, | : | |
| | : | |
| v. | : | Civ. No. 08-1651 |
| | : | |
| DAVID DIGUGLIELMO et al., | : | |
|     Respondents. | : | |

**O R D E R**

On January 5, 2012, state prisoner Ike Eure, proceeding *pro se*, filed an Amended Habeas Petition. (Doc. No. 31); 28 U.S.C. § 2254. I referred the matter to Magistrate Judge Henry Perkin, who has recommended denying relief. (Doc. No. 45.) Petitioner now objects to Judge Perkin's rejection of Eure's ineffectiveness claim based on trial counsel's alleged "failure" to introduce certain photographs. (Doc. 53.) I will overrule Eure's objection, adopt Judge Perkin's Report, and deny relief.

### I.   Facts and Procedural History

On August 31, 2000, following a bench trial, Philadelphia Common Pleas Court Judge Pamela Pryor Dembe convicted Eure of first-degree murder and possessing an instrument of crime, and sentenced him to life imprisonment. (Id. at 1-4 (procedural history).) Judge Dembe found that Petitioner had "committ[ed] a brutally savage attack on his roommate which resulted in his death. The victim sustained fifteen stab wounds, some of which penetrated the chest, severed the heart, pierced the skull and bruised the brain." Commonwealth v. Eure, No. 3208 EDA 2000 (Pa. Super. June 24, 2002); (Doc. No. 35, Ex. E.) The state courts rejected Eure's direct appeal—in which he challenged, *inter alia*, trial counsel's effectiveness and the sufficiency of the

Commonwealth's evidence—as well as his efforts to obtain post-conviction relief. (Doc. No. 45 at 1-4); see Eure, No. 3208 EDA 2000 at 3; (Doc. No. 35, Exs. E, G, H, J, L, K, M, N, O.)

On April 1, 2008, Eure timely filed a *pro se* § 2254 Petition (and a subsequent *pro se* supplement to his Petition). (Doc. Nos. 1, 7.) On September 23, 2008, Judge Perkin recommended holding the Petition in abeyance pending Eure's exhaustion of certain claims in state court. (Doc. No. 11 at 10-12.) In so recommending, Judge Perkin also observed that "several of Petitioner's claims are difficult to discern and . . . would profit from greater clarity," and that others are "too vague to state a basis for relief." (Id.) Judge Perkin thus instructed Eure to "amend the instant Petition in order to clarify these claims" once he exhausted his state remedies. (Id. at 12.) On November 3, 2008, I adopted the Report and stayed this matter pending the state courts' adjudication of Petitioner's unexhausted claims. (Doc. Nos. 11, 12.)

Having exhausted his claims, Petitioner filed an Amended Petition, raising an ineffectiveness claim and a "right-of-presence" claim based on his exclusion from an "in-chamber colloquy" that his trial attorney attended. (Doc. No. 31.) The Commonwealth opposed the Petition. (Doc. Nos. 34, 35.) On March 18, 2016, Judge Perkin recommended that I deny the Petition and explained why none of Eure's claims (including the claims in his intitial, supplemental, and amended Petitions) were meritorious. (Doc. No. 45, 53.) Eure timely objected. (Doc. No. 53.)

**II.   Legal Standard**

In reviewing a Report and Recommendation, I am obliged to "make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). As to those portions to which no objections

have been made, I must "satisfy [myself] that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72(b), advisory committee note.

Where the state courts reject a petitioner's PCRA claim on the merits, I may grant habeas relief only if the state court merits decision: (1) "was contrary to, or involved an unreasonable application of, clearly established Federal law"; or (2) if the decision "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 18 U.S.C. § 2254(d)(1)-(2).

The "clearly established Federal law" governing Petitioner's ineffectiveness claims is set out in Strickland v. Washington, 466 U.S. 668 (1984). To make out an ineffectiveness claim, a petitioner must show: (1) his attorney's representation was unreasonable under prevailing professional norms; and (2) but for that deficiency, there is a reasonable probability that the result of the proceedings would have been different. See Strickland, 466 U.S. at 688; Commonwealth v. Sneed, 899 A.2d 1067, 1075-76 ("'It is settled that the test for counsel ineffectiveness is the same under both the Pennsylvania and Federal Constitutions: it is the performance and prejudice test set forth in Strickland.'" (quoting Commonwealth v. Gribble, 863 A.2d 455, 260 (Pa. 2004))). If I conclude that counsel's strategy was not unreasonable, I need not address prejudice. United States v. Lilly, 536 F.3d 190, 196 (3d Cir. 2008).

In deciding Eure's objection respecting his ineffectiveness claim, I must review the record *de novo* and decide whether the Superior Court's application of Strickland was "objectively unreasonable." Bell v. Cone, 535 U.S. 685, 698-99 (2002); Sneed, 899 A.2d at 1075-76. Eure thus must show that the state courts' adjudication of his ineffectiveness claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." Harrington v. Richter, 562 U.S. 86, 103 (2011);

Yarborough v. Gentry, 540 U.S. 1, 6 (2003) (review of ineffectiveness claims is "doubly deferential when it is conducted through the lens of [§ 2254] habeas"); see Cullen v. Pinholster, 563 U.S. 170, 181 (2011) (federal courts must give a state-court decision "the benefit of the doubt").

### III. Discussion

Petitioner objects to Judge Perkin's conclusion that the state courts reasonably applied Strickland in rejecting the claim that counsel was ineffective for failing to introduce certain photographs at trial. (Doc. No. 53; see Doc. No. 45 at 29-31.) Because counsel's strategic decisions was not objectively unreasonable, I will overrule the objection.

Eure argued on direct appeal that his trial counsel ineffectively failed to introduce pictures depicting alleged defensive wounds that Eure contends he sustained during the underlying altercation with the victim. The Superior Court remanded so that the trial could conduct an evidentiary hearing on the claim. (Doc. No. 35, Ex. E at 10-12.) Having held the hearing, the trial court rejected the claim as follows:

> Trial counsel explained that she had the photos taken at the prison six days after the killing. When she showed the photos to the prosecutor, however, he informed her that if these photographs were introduced, he would have the medical examiner testify on rebuttal that the wounds were self-inflicted. Fearing that evidence of self-inflicted wounds would raise a consciousness of guilt issue, the [defense] attorney decided not to bring in the photos. The assistant medical examiner testified [at the evidentiary hearing] that some of the wounds were indeed self-inflicted, and that none of the others were consistent with wounds that would be acquired in a struggle over a butcher knife. The trial transcript also shows that at the time of his arrest, the arresting officers saw no wounds on the defendant's wrists, hands or face. . . . In summary, the decision of the trial attorney not to introduce those photos was not only reasonable, but in all probability, was the best available strategy.

(Doc. No. 35, Ex. G at 5-6; see Ex. F., Evidentiary Hr'g Tr.) The Superior Court affirmed the trial court's decision for the same reasons. (Id., Ex. I at 5-6.) Citing both decisions, trial testimony, and evidence presented upon remand, Judge Perkin concluded that Eure failed to establish "an

4

unreasonable adjudication of his ineffectiveness claim, whether as to deficiency of performance or prejudice." (Doc. No. 45 at 29-32; see Doc. No. 35, Ex. F, Evidentiary Hr'g Tr. 1/28/03.)

Eure argues that, Judge Perkin and the state courts should not have considered the medical examiner's post-trial testimony because this resulted in an impermissible "hindsight" evaluation of counsel's "deficient" decision. (Doc. No. 53); see Strickland, 466 U.S. at 689 ("A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, *and to evaluate the conduct from counsel's perspective at the time*." (emphasis added)). I disagree.

As Judge Dembe explained on the record at the evidentiary hearing, she admitted the medical testimony insofar as it was relevant to "whether trial counsel's decision not to introduce the photographs was a reasonable under the circumstances *as she knew them*." (Doc. No. 35, Ex. F at 3 (emphasis added).) Judge Dembe explained that the testimony was relevant in that it provided "the basis of what [the medical examiner's] testimony would have been and what the trial lawyer would have been faced with." (Id. at 13.) Viewed in that light, the testimony merely provided necessary context for the court to assess the reasonableness of counsel's decision not to introduce the photographs. That decision plainly was reasonable. Commonwealth v. Spotz, 870 A.2d 822, 825 (Pa. 2005) ("Evidence of a defendant's . . . concealment following a crime is admissible to establish an inference of consciousness of guilt."); Commonwealth v. Lukowich, 875 A.2d 1169, 1175 (Pa. Super. 2005) (evidence of self-inflicted wounds after apprehension can establish consciousness of guilt); see Strickland, 466 U.S. at 687-88, 690 ("The court should recognize that counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment."). It is equally plain

5

that the state courts "made every effort" to avoid the "distorting effects of hindsight" in adjudicating his claim. Strickland, 466 U.S. at 689.

Petitioner notes that counsel testified that, in retrospect, she "wished [she] had used" the pictures. Yet, this is precisely the kind of hindsight-based reassessment that Eure protests and Strickland prohibits. Strickland, 466 U.S. at 689 ("Judicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable."). "The Sixth Amendment guarantees reasonable competence, not perfect advocacy judged with the benefit of hindsight." Gentry, 540 U.S. at 8. Simply because trial counsel revisited her decision after Eure was convicted, that hardly means that her original decision was unreasonable.

In sum, I will overrule Eure's objection because Judge Perkin correctly concluded that in the Superior Court's adjudication of the instant ineffectiveness claim was neither contrary to clearly established federal law (i.e., Strickland), nor based on an unreasonable determination of facts in light of the record evidence. 18 U.S.C. § 2254(d)(1)-(2). Seeing no clear error respecting Judge Perkin's recommendation that I deny relief as to each of the remaining claims—and because Eure apparently does not object to Judge Perkin's conclusions respecting those claims—I will adopt the Report, and deny habeas relief without an evidentiary hearing. Fed. R. Civ. P. 72(b), advisory committee notes (portions of Report & Recommendation not subject to an objection are reviewed for clear error).

\*     \*     \*     \*     \*

**AND NOW**, this 11th day of July, 2016, after a complete and independent review of Magistrate Judge Perkin's Report and Recommendation (Doc. No. 45), and upon consideration of Eure's initial, supplemental, and amended habeas Petitions (Doc. No. 1, 7, 31), the Commonwealth's Response (Doc. Nos. 34, 35), Eure's Objection to the Report and Recommendation (Doc. No. 53), all other related submissions, and the entirety of the state court record, it is hereby **ORDERED** as follows:

1. The Report and Recommendation of Magistrate Judge Henry Perkin **APPROVED** and **ADOPTED.** (Doc. No. 45.)

2. Eure's Amended Petition for Writ of Habeas Corpus under § 2254 is **DENIED with prejudice.** (Doc. No. 31.)

3. No certificate of appealability shall issue under 28 U.S.C. § 2253(c)(1)(A) because Eure has not made a substantial showing of the denial of a constitutional right. <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).

4. Respondents' Motion for Enlargement of Time to Respond to Petitioner's Objections and Motion for Permission to File Out of Time is **DENIED as moot**. (Doc. No 57.)

5. The Clerk of Court shall **CLOSE** this case for statistical purposes.

          **AND IT IS SO ORDERED.**

          */s/ Paul S. Diamond*

          Paul S. Diamond, J.